### BAUSCH v. INGERSOLL.

*(Supreme Court, General Term, First Department. November 13, 1891.)*

PLEADING—AMENDMENT—BREACH OF MARRIAGE PROMISE.

An amended answer in an action for a breach of promise of marriage alleged that, after the contract of marriage, plaintiff's conduct was inconsistent with the continuance of the engagement; that she deceived defendant by her representations and conduct; and that, by reason thereof, he was justified in considering, and did consider, the engagement canceled. *Held,* that these were allegations of inferences only, not of facts, and that the terms imposed on defendant by the order allowing the amendment should not be modified in his favor.

Appeal from special term, New York county.

Action by Annie M. Bausch against Charles D. Ingersoll for breach of promise of marriage. After the cause was on the day calendar for trial, defendant moved for leave to serve an amended answer, which, admitting the making of the contract of marriage, alleged that thereafter "plaintiff conducted herself, in speech and in act, in manner inconsistent with the continuance of the engagement of marriage between them;" that "plaintiff deceived this defendant in her representations and conduct; and that, by reason of the aforesaid acts, conduct, and deceptions of the plaintiff, the defendant was justified in considering and did consider the engagement of marriage as canceled and annulled." The motion was granted, on terms that defendant should pay the costs of the action, and of the motion, and serve the amended answer within · one day, its sufficiency to be determined by the trial judge, and that the case should be tried when reached, unless adjourned on plaintiff's motion. From so much of the order as imposed these terms, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT and INGRAHAM, JJ.

J. *Edward Weld,* for appellant. *Wray & Pilsbury,* (*R. Robertson,* of counsel,) for respondent.

VAN BRUNT, P. J.    This appeal is taken by the defendant because of the severity of the terms upon which leave to serve an amended answer was granted.    Upon an examination of the amended pleading, it would seem that the greatest error was committed in granting leave that it should be served at all; the additional allegations contained therein (if they may be termed allegations) being allegations of inferences only, and not of facts such as tended to constitute a defense, or might be taken into consideration in mitigation of damages.    It is undoubtedly true that evidence should not be set out in the pleadings, and that only the facts claimed to be established by evidence should be contained in the averments thereof.    But in the answer at bar, as has already been stated, no facts are alleged, so far as the proposed amendment is concerned, but only inferences which the defendant draws from facts which he does not allege, and it is therefore impossible to determine whether those inferences are well founded or not.    We are of opinion, therefore, that the order should be affirmed, with $10 costs and disbursements.    All concur.